**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

**ROBERT SHAPIRO,**

    **Plaintiff,**

    v.                                                                          Civil Action No. 16-cv-12544-IT

**ACCU, ET AL.,**

    **Defendants.**

**MEMORANDUM AND ORDER**

March 16, 2017

**TALWANI, D.J.**

For the reasons set forth below, plaintiff's motion for leave to proceed in forma pauperis is granted and the court directs the plaintiff to file an amended complaint.

I.    <u>Background</u>

On December 9, 2016, plaintiff Robert Shapiro ("Shapiro") filed a complaint [#1] and a motion for leave to proceed *in forma pauperis* [#2]. On December 30, 2016, Shapiro filed an amended complaint [#5] naming as defendants the Washington Higher Education Secretariat ("WHES"), the American Council on Education ("ACE") (a secondary accreditor of WHES Accreditation Groups), the National Association of Independent Colleges ("NAICU"), and the ACCU (full identification of organization not set forth).[1] Attached to the amended complaint is a "Third-Party Complaint" [#5-1], which appears to be a complaint by Shapiro against the American Association of Universities ("AAU") and against WHES and ACE as third-party defendants, and a second "Third-Party Complaint" [#5-2] by Shapiro against WHES and against

---

[1] The document is entitled "Complaint for a Civil Case Alleging Negligence (28 U.S.C. § 1332; Diversity of Citizenship)" [#5 at 1].

NAICU, as a national accreditor, ACCU (as a state accreditor), Karen Van Norman (the Dean of Accreditation), and Alexandra Hennessey (academic instructor), as third-party defendants.

On February 17, 2017, Shapiro filed a motion for order [#6] expediting a decision on his *in forma pauperis* motion and other relief, and on March 6, 2017, Shapiro filed another motion for order [#7] seeking an expedited decision on his *in forma pauperis* request and other relief. On March 8, 2017, Shapiro filed a motion [#8] seeking other relief. On March 9 and March 15, 2017, Shapiro filed subpoenas [##9, 10] directing several defendants to produce documents. These subpoenas have not been signed by the clerk.

II.     Discussion

Upon review of Shapiro's financial affidavit, this court finds he lacks sufficient funds to pay the filing and administrative fees for this action. Accordingly, his motion [#2] to proceed in forma pauperis is ALLOWED.

Because Shapiro is proceeding *in forma pauperis*, his amended complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915(e). In conducting this review, the court broadly construes his pleadings because he is proceeding *pro se*. Nevertheless, even under a broad reading, Shapiro's amended complaint does not satisfy the pleading requirements necessary to proceed in this court. A complaint (or amended complaint) must, as required by Rule 8(a) of the Federal Rules of Civil Procedure ("Rule 8(a)"), include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At a minimum, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Calvi v. Knox County*, 470 F.3d 422, 430 (1st Cir. 2006) (quoting *Educadores Puertorriqueños en Acción v. Hernández*, 367 F.3d 61, 66 (1st Cir. 2004)). The plaintiff's obligation to provide the grounds of his claim "requires more than labels and

conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint does not show that "the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R Civ. P. 8(a)(2) in second quotation).

Here, this court is unable to discern a legal claim or underlying facts to support a claim. Shapiro does not provide a narrative setting forth basic information such as who did what to whom, when, where and why. Moreover, Shapiro's use of third-party practice is not proper insofar as a plaintiff may bring in a third party "[w]hen a claim is asserted against a plaintiff." Fed. R. Civ. P. 14(b). Here, there are no claims asserted against Shapiro by a third party defendant brought into the action by a defendant pursuant to Fed. R. Civ. P. 14(a).

As an additional matter, Shapiro indicates that the deprivation of property commenced in 2004. In light of this, it is unclear whether some of his claims are barred by the applicable statute of limitations.

Finally, because it is virtually impossible to cull out Shapiro's claims and the factual bases for them, the amended complaint does not show that jurisdiction or venue are proper in the District of Massachusetts.

In light of the above, if Shapiro wishes to pursue this action, he must file a second amended complaint within 28 days of the date of this Memorandum and Order that complies with the pleading requirements of Rule 8(a) and sets forth each of his claims against each of the defendants in a discernible manner. Because an amended complaint completely replaces the original complaint, *see Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008), Shapiro should include in the second amended complaint any allegations in the original complaint, amended complaint, or other documents he filed that he wishes to be part of the operative

pleading. Further, all factual allegations and legal claims should be "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Finally, Shapiro must provide sufficient information in his second amended complaint to demonstrate that venue in the District of Massachusetts is proper in accordance with 28 U.S.C. §1391(b).

In light of the above, Shapiro's motions [##6-8] are DENIED as moot to the extent that they seek an expedited determination as to the *in forma pauperis* motion. To the extent they seek additional relief, and to the extent Shapiro seeks the issuance of a subpoena, the requests are denied as premature in light of the absence of a complaint which can withstand preliminary screening.

III.  Conclusion

Accordingly:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [#2] is ALLOWED.

2. The court directs the plaintiff to file a second amended complaint within twenty-eight (28) days of the date of this memorandum and order.

3. Plaintiff's motions [##6-8] are DENIED.

4. Plaintiff's requests for a subpoena [##9, 10] are DENIED.

5. The defendants are not required to respond to the original complaint or any amended complaint until further order of the court.

**SO ORDERED.**

                                            /s/ Indira Talwani
                                            Indira Talwani
                                            United States District Judge