UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ROBERT SHAPIRO,

    Plaintiff,

    v.                           Civil Action No. 16-cv-12544-IT

ACCU, et al.,

    Defendants.

## ORDER

April 26, 2017

TALWANI, D.J.

For the reasons set forth below, this action is DISMISSED and the Motion for Leave to Appeal in Forma Pauperis is DENIED. The court also certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from the order dismissing this action would not be taken in good faith.

I.    Dismissal of the Action

On March 16, 2017, the court issued an order [#11] finding that Plaintiff Robert Shapiro's pleading did not meet the requirements of Rule 8 of the Federal Rules of Civil Procedure, which requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The court directed Plaintiff to file an amended complaint within twenty-eight days. Order [#11].

Plaintiff has since filed a Second Amended Complaint [#14] and other proposed complaints [## 15, 16, 29]. He has also filed numerous motions, notices, and requests. [#17, #18, #19, #20, #21, #22, #23, #24, #25, #26, #27, #28, #30, #33. On April 25, 2017, he filed a

Notice of Appeal [#31] seeking to appeal the court's Order [#11] requiring him to file an amended complaint as well as a Motion for Leave to Appeal in Forma Pauperis [#32].

Neither the Second Amended Complaint nor the other proposed complaints meet Rule 8's requirement of a "short and plain statement of the claim." Shapiro's submissions do not contain "enough detail to provide a defendant with 'fair notice of what the . . . claim is and the grounds upon which it rests.'" Silverstrand Invs. v. AMAG Pharm., Inc., 707 F.3d 95, 101 (1st Cir. 2013) (quoting Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011)) (alteration in original). Plaintiff's pleadings simply do not "set forth minimal facts as to who did what to whom, when, where, and why," Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004)), making it impossible for the defendants to respond and for the court to reasonably infer that Plaintiff is entitled to relief. Plaintiff's additional motions, notices and requests also fail to provide any basis for relief.

Accordingly, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), this action is DISMISSED for failure to state a claim upon which relief may be granted.

II.  Motion for Leave to Appeal in Forma Pauperis [#32]

Under the federal in forma pauperis statute, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Regardless of any subjective good faith on the part of the appellant, "good faith" within the meaning of 28 U.S.C. § 1915(a)(3) is only demonstrated when a litigant seeks "appellate review of any issue not frivolous." Coppedge v. United States, 369 U.S. 438, 445 (1962). An issue is frivolous if "no reasonable person could suppose [it] to have any merit." Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

Here, the appeal of the court's earlier order is not taken in objective good faith because it seeks appellate review of an order that is not appealable. See Rivera-Torres v. Ortiz Velez, 341 F.3d 86, 96 (1st Cir. 2003) (noting that a notice of appeal "based on an unappealable order" is "defective in [a] substantial and easily discernible way") (quoting in full United States v. Brooks, 145 F.3d 446, 456 (1st Cir. 1998)). Subject to exceptions that are not relevant to this case, the appellate jurisdiction of the federal courts of appeals is limited to review of "all final decisions of the district courts of the United States." 28 U.S.C. § 1291. A "final decision" is "one 'by which a district court disassociates itself from a case,'" or, in other words, "terminate[s] an action." Gelboim v. Bank of Amer. Corp., --U.S.--, 135 S. Ct. 897, 902 (2015) (quoting Swint v. Chambers County Comm'n, 514 U.S. 35, 42 (1995)). The court's order that Plaintiff file an amended complaint was not a final decision in the case. In allowing Plaintiff to file an amended complaint, the court clearly expressed its intention to accept and review a timely filed pleading. See, e.g., Luevano v. Wal-Mart Stores, Inc., 722 F.3d 1014, 1020-21 (7th Cir. 2013) (order dismissing in forma pauperis complaint upon a preliminary screening but allowing plaintiff to file an amended complaint was not an appealable order; order made it "crystal clear that the court was not finished with the case").

III. Conclusion

Accordingly:

1. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), this action is DISMISSED for failure to state a claim upon which relief may be granted. All pending motions shall be terminated as moot.

2. The Motion for Leave to Appeal in Forma Pauperis [#32] is DENIED on the grounds that the appeal of the court's order [#11] was not taken in good faith for purposes of 28 U.S.C. § 1915(a)(3).

3

3. The court certifies that any appeal of the dismissal of this action would not be taken in good faith for purposes of for purposes of 28 U.S.C. § 1915(a)(3).

4. The Clerk shall transmit a copy of this order to the United States Court of Appeals for the First Circuit.

SO ORDERED.

                                                  /s/ Indira Talwani
                                                  Indira Talwani
                                                  United States District Judge